*Second Congr. Soc. in North Bridgewater v. Howard.*

———

## COMMONWEALTH *versus* GEORGE B. PHILLIPS.

A complaint and information on oath, " that the complainant has probable cause to suspect " that the accused has committed the offence charged, is not a complaint made with such reasonable and sufficient certainty as to be the ground of a conviction and sentence.

But, *it seems,* a complaint in such form, is sufficient for the purpose of causing a party to be arrested and examined, before an inferior tribunal, and committed or bailed to answer to an indictment, or other proper form of charge, in another court.

THIS was a prosecution, commenced in the Police Court of New Bedford, on the following complaint addressed to the justice of that court :

<div style="margin-left:note">Common-
wealth
*v.*
Phillips.</div>

Thomas Nickerson, of New Bedford, &c., "complains, and on oath informs the said justice, *that he has probable cause to suspect* that George B. Phillips, on April 28, 1834, at New Bedford, did presume to be a retailer and seller of wine, brandy, rum," &c., "in a less quantity than ten gallons, and that delivered and carried away all at one time, and then and there did sell to one Hattell Killey, to wit, one pint of rum, without being first duly licensed therefor according to law, against the peace," &c., "and contrary to the form of the statute," &c. "Wherefore the said Thomas Nickerson prays, that he, the said George B. Phillips, may be apprehended and held to answer to this complaint, and further dealt with, relative to the same, according to law." This complaint was sworn to before the justice of the Police Court. Judgment was rendered in that court, that the defendant was guilty of the charge ; whereupon he appealed to the Court of Common Pleas.

At the September term of the Court of Common Pleas, in 1834, *Williams* J. presiding, the defendant moved, that the complaint and process against him might be quashed, and assigned for one cause, that the complaint alleged no offence directly against him, and that the judgment of the justice from which he appealed, was inconclusive, and only found the defendant guilty of being suspected of a crime.

This motion was overruled, and the defendant thereupon excepted.

*Oct. 21st.*   *Coffin* and *Clifford*, for the defendant, cited 1 Chitty's Crim. Law, 174.

*Austin*, (Attorney-General,) for the Commonwealth, said that the complaint was in the usual form of a complaint before a justice of the peace, and he contended that it was sufficient to support the conviction ; 1 Chitty's Crim. Law, 13, 14 ; that the allegations are, the complainant complains that Phillips has committed the offence, and (then, as a reason for the complaint,) the complainant on oath informs the justice that he has probable cause to suspect that Phillips has committed tne offence ; that the words, "and on oath informs the said justice that he has probable cause to suspect," might be struck out as surplusage, and still a substantive charge would remain ; *Commonwealth* v. *Hunt*, 4 Pick. 252 ; and that ex

·٭١ where the prosecutor happens to see the crime com-
٭٭٭٭٭, he can make oath to his suspicion only. He cited
*St.* 1334, *c.* 33, establishing the Police Court in New Bed-
ford, and *St.* 1832, *c.* 166, respecting licenses to sell liquors.

SHAW C. J. delivered the opinion of the Court. This
prosecution was originally commenced in the Police Court of
New Bedford. By the act establishing that court, *St.* 1834.
*c.* 33, § 5, jurisdiction is given of all cases arising under the
laws regulating licensed houses, where the penalty does not
exceed the sum of twenty dollars, and such prosecutions may
be by complaint *on* information subject to the right of appeal
to the next Court of Common Pleas. Probably the word
" *on* " is a misprint and should be " *or*," that is, by complaint
*or* information. But if it were otherwise it would not alter the
sense. The question then is, whether, to sustain the validity
of such a proceeding, a complaint and information on oath,
" that the complainant has probable cause to suspect that
&c.," is a complaint made with such reasonable and sufficient
certainty as to be the ground of a judicial determination, con-
viction and sentence. The Court, upon some consideration,
are of opinion, that it is not. It is to be observed that this
is a regular complaint, in a court of record, intended as the
only formal ground or basis of charge, for the foundation of a
judgment, conviction and sentence, and not merely to obtain
a warrant for the purpose of arresting an offender, to answer
to a more formal complaint, by indictment or information in
another court. This is itself the basis of a substantive crimi-
nal prosecution, in a court of competent jurisdiction to try and
decide it.

The salutary rule of the common law, that no one shall be
held to answer to an indictment or information, unless the
crime with which it is intended to charge him is expressed,
with reasonable precision, directness, and fulness, that he may
be fully prepared to meet, and if he can, to answer and repel
t, is recognised and enforced, and extended to every mode in
which a citizen can be called to answer to any charge of crime
in this Commonwealth, by the highest authority known to the
laws, namely, an express provision in the Bill of Rights, *art.*
'2. It declares, that no subject shall be held to answer for any

Common-
wealth
*v.*
Phillips.

*April term,*
1835,
*at Taunton*

crime or offence, until the same is fully and plainly, substan
tially and formally described to him.   The reasonable degree
of certainty required in an indictment, is so familiar, that it
requires no authorities to support or illustrate it.   1 Chitty's
Criminal Law, 170.   Whilst it is important to the administra-
tion of public justice, and the reasonable execution of the
laws, that indulgence should not be too readily yielded to mere
technical niceties and subtilties, it is also important, that every
man accused of crime should have a reasonable opportunity to
know what the charge is, that he may not be called to meet
evidence at the trial, that he could not have anticipated from
the charge, that the Court may know what judgment to render,
and that the party tried and either acquitted or convicted, may
be enabled by reference to the record to shield himself from
any future prosecution for the same offence.

This decision however will not affect a case where a com
plaint is made to a justice of the peace, for the purpose of
causing a party to be arrested and examined, and committed
to prison or bailed, to answer to an indictment, or other
proper form of charge in another court.   This practice of
causing a warrant to be issued on suspicion, seems to be
authorized by the terms of *St.* 1783, *c.* 51, § 1, which pro-
vides that justices of the peace shall examine into all homi-
cides, murders, treasons, and felonies, done &c., and commit
to prison all persons guilty or *suspected* to be guilty of murder
or other capital offence, and hold to bail all persons guilty or
*suspected* to be guilty of lesser offences, not cognizable by a
justice of the peace.   Now if suspicion is a good ground to
warrant the magistrate to commit or hold to bail, it seems to
follow as a necessary consequence, that it is sufficient to con-
stitute the substantive matter and principal averment in the
complaint, upon which such warrant is granted.

Nor will this decision in any respect call in question the
validity and sufficiency of the usual form of search-warrant, or
the complaint on which it is usually founded.   The usual form
there, as I understand it, is, for the complainant to aver in
direct terms, the felony and larceny, the fact that the property
has been stolen, and then to aver that he hath cause to sus-
pect, and doth suspect, that it is secreted in the house or
place proposed to be searched.

But where, as in the present case, the complaint is the only basis of the proceedings, the only statement of the offence, where it is made to a court of record, not with a view to an arrest, examination, and commitment, but with a view to a judicial investigation, trial, and conviction, as a case within its admitted jurisdiction, when in form and substance the conviction follows and affirms the matter of the complaint, and regulates the judgment to be entered, we think it is required, as well by the rules of the common law, as by the express requisition of the Declaration of Rights, that such complaint shall be, in a reasonable degree, certain, both in substance and in form ; and that the complaint under consideration, not having these requisites, is not sufficient to sustain the judgment rendered upon it ; and the exception is allowed.

*Judgment arrested.*